za

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MALCOLM MAXWELL RYIDU-X, | * |
| Plaintiff, | * |
| v. | *     Civil Action No. PX-25-3964 |
| EASTERN CORRECTIONAL INSTITUTION, *et al.*, | * |
| | * |
| Defendants. | * |
| | *** |

## <u>MEMORANDUM OPINION</u>

Plaintiff Malcom Maxwell Ryidu-X, an inmate at Eastern Correctional Institution ("ECI"), filed this freedom of religion action pursuant to 42 U.S.C. § 1983, alleging that his religious prayer oils were confiscated in violation of a 2020 settlement agreement. ECF No. 1. According to the Complaint, the prison Chaplain informed Ryidu-X that the prison would no longer honor the settlement agreement; that the oils would be stored according to the Chaplain's instructions; and that Ryidu-X order for prayer oils was cancelled. *Id*. Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court must screen the Complaint for sufficiency. *See also Lomax v. Ortiz-Marquez*, 590 U.S. 595 (2020).

The Court construes the Complaint facts as true and most favorably to Ryidu-X. On August 13, 2020, Ryidu-X and the prison settled a prior dispute regarding the terms of Ryidu-X's ability to practice his Shia Muslim faith. ECF No. 1 (citing *Ryidu-X v. Foxwell, et al.*, Civil Action No. CCB-18-2213 (D. Md., Aug. 13, 2020, Order dismissing case)). On March 8, 2024, he was advised by Chaplain Geoffrey Gibbs, Sr. that "as there is a new Assistant Warden, the conditions outlined in the [settlement agreement] will no longer be observed or honored." *Id*. at 3. Ryidu-X states that his religious materials, including prayer oils, were then confiscated, and he was told that

they would be stored "as the chaplain decides." *Id*. at 4.  Referencing Administrative complaint #ECI-2987-25, Ryidu-X alleges that since November 3, 2025, "[p]rison officials have reasserted their refusal to recognize the authority of the U.S. District Court and ignore any 'SETTLEMENTS' . . . with regard to which/who[se] Religious rights they should/most respect." *Id*.

Ryidu-X attaches several documents to his Complaint, including a letter dated November 6, 2025 to the Chaplain inquiring about the status of his order for prayer oils (ECF No. 1-3); the Chaplain's response dated November 7, 2025 stating "no personal orders for oil" (ECF No. 1-4); and copies of two Request for Administrative Remedy ("ARP") forms (ECF No. 1-5).[1]  The first ARP is dated November 11, 2025, and complains that on November 3, 2025, Ryidu-X's order for religions prayer oils was voided in violation of his settlement agreement.  ECF No. 1-5 at 1-3.  The ARP was received on November 13, 2025, assigned Case No. ECI-2987-25, and dismissed for procedural reasons with instructions to "[r]ewrite ARP and include order form and response from the chaplain" as well as state the remedy sought.  *Id*. at 1.  Ryidu-X resubmitted his ARP on November 19, 2025.  *Id*. at 4.  The ARP was marked received on November 20, 2025, and assigned the same case number.  *Id*.  No response to the ARP is included with the Complaint which was dated two days after the amended ARP had been received.  ECF No. 1 at 5.  The Complaint was docketed on December 2, 2026.  ECF No. 1.

The Prisoner Litigation Reform Act ("PLRA") requires that prior to filing suit in federal court, a prisoner must pursue his claim through all available administrative remedies.  42 U.S.C. § 1997e.  Although exhaustion under § 1997e(a) is not a jurisdictional prerequisite, the plaintiff must nonetheless exhaust administrative remedies before this Court will hear the claim.  *See Jones*

---

[1]     A court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits . . . ."  *Goines v. Valley Community Services Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citations omitted).

*v. Bock*, 549 U.S. 199, 215-216 (2007); *Anderson v. XYZ Corr. Health Servs.,* 407 F.2d 674, 682 (4th Cir. 2005). Exhaustion requires an inmate to complete "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). But the Court must also ensure that "any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006); and an inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a); *see Ross v. Blake*, 578 U.S. 632, 636 (2016). An administrative remedy is not "available" where the prisoner, "through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citing *Aguilar-Avellaveda*, 478 F.3d at 1225); *see also Kaba*, 458 F.3d at 684.

Maryland inmates have available an administrative grievance process for "inmate complaint resolution." *See generally* Md. Code Ann. (2008 Repl. Vol.), Corr. Servs. ("C.S."), § 10-201 *et seq.;* Md. Code Regs. ("COMAR") 12.07.01.01B(1) (defining ARP). An inmate must first file an ARP, and if the ARP is denied, he must appeal the denial to the Commissioner of Correction. *See* COMAR 12.02.28.05(D)(1); COMAR 12.02.28.14(B)(5). If the Commissioner finds against the inmate, the inmate next must file a grievance with the Incarcerated Individual Grievance Office ("IIGO"). C.S. §§ 10-206(a) & 10-210; *see also* COMAR 12.02.28.18. If the grievance is determined to be "wholly lacking in merit on its face," the IIGO may dismiss it without a hearing. *See* C.S. § 10-207(b)(1); *see also* COMAR 12.07.01.06(B). An order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review. *See* C.S. § 10-207(b)(2)(ii). Generally, because failure to exhaust is an affirmative defense, defendants must prove that the inmate failed to exhaust all available remedies. *See Jones v. Bock*, 549 U.S. 199, 215–16 (2007); *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017). However, a Complaint

3

may be dismissed for failure to state a claim when an affirmative defense is established on the face of the pleading.  *See Jones*, 549 at 215 (citing *Leveto v. Lapina*, 258 F.3d 156, 161 (3rd Cir. 2005) ("'[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face'")).

Here, the Complaint, read most charitably to Ryidu-X, demonstrates that he did not exhaust administrative remedies prior to filing his Complaint.  The time between the filing of his ARPs on November 11 and 19, 2025, and the date the Complaint was accepted for filing, December 2, 2025, is not sufficient for Ryidu-X to have completed all steps in the administrative remedy process. Because the appeal process could not have concluded in advance of this filing, Ryidu-X plainly did not exhaust his administrative remedies prior to filing suit.  Accordingly, the Complaint will be dismissed without prejudice.

A separate Order follows.

_____5/19/26_____
Date

_____/s/_____
Paula Xinis
United States District Judge

4